UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVERETT J. PRESCOTT, INC.

     Plaintiff,

v.                              Case No. 8:22-cv-2601-VMC-CPT

ZURICH AMERICAN INSURANCE
COMPANY,

     Defendant.
_____/

## ORDER

     This matter is before the Court on consideration of Plaintiff Everett J. Prescott, Inc.'s Motion to Remand, filed on November 14, 2022. (Doc. # 4). Defendant Zurich American Insurance Company has responded (Doc. # 14) and Everett J. Prescott has replied. (Doc. # 24). For the reasons that follow, the Court denies the Motion.

## I.  Background

     This declaratory judgment action arises out of a dispute over the scope of coverage afforded by an insurance policy issued by Defendant Zurich American Insurance Company. (Doc. # 1-1).

     At the time of the events giving rise to the present case, Everett J. Prescott's property located in Siesta Key,

FL, (the "Property") was covered by an insurance policy (the "Policy") issued by Zurich. (Doc. # 1-1 at ¶¶ 8-9). On or about August 9, 2021, the Property's HVAC system failed, resulting in water damage to the Property. (Id. at ¶ 9). Everett J. Prescott provided notice of the loss to Zurich. (Id. at ¶ 10). After conducting an investigation, Zurich denied Everett J. Prescott's claim to the extent that "there is no coverage for the repair or replacement of the defective materials" but found "there is coverage for the resulting water damage to the HVAC system, and coverage for the mold abatement." (Id. at ¶ 13).

However, according to Everett J. Prescott, Zurich failed to indemnify it or make any allowance for damaged personal property. (Id.). Everett J. Prescott does not specifically outline what items of "personal property" Zurich has allegedly failed to provide coverage for, but states that if the Court accepts its interpretations of the Policy, then its "air handling unit, floorings, and furnishings are covered by the Policy." (Id. at ¶ 36).

Everett J. Prescott initiated suit in state court, asserting two counts for declaratory relief. (Doc. # 1-1). On November 14, 2022, Zurich removed the action to this Court. (Doc. # 1).

On November 15, 2022, Everett J. Prescott moved to remand the case to state court. (Doc. # 4). The Motion has been fully briefed (Doc. ## 14, 24) and is ripe for review.

## II.   **Legal Standard**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that the action is between "citizens of different States" and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by

a preponderance of the evidence." <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1208 (11th Cir. 2007).

## III. <u>Analysis</u>

Everett J. Prescott, Inc. argues this case must be remanded to state court for two reasons. First, Everett J. Prescott argues that because it brought an action for declaratory relief, a judgment in its favor would not result in an award of damages. (<u>Id.</u> at 3-4). Next, according to Everett J. Prescott, Zurich "issued payments totaling $60,118.00" on October 5, 2022, thereby reducing the amount in dispute to $52,452.43. (Doc. # 4 at 3). The Court will address each argument in turn.

### A.   <u>Declaratory Relief</u>

According to Everett J. Prescott, the amount in controversy requirement is not satisfied because a declaratory judgment in its favor would not result in a damages award. The Court disagrees.

Where damages are uncertain because the plaintiff seeks declaratory relief, the amount in controversy is the "value of the object of litigation" or "the value of the right to be protected." <u>Phillips Excavating & Constr., Inc. v. Mount Vernon Fire Ins. Co.</u>, No. 8:08-cv-746-EAK-EAJ, 2008 WL 2856579, at *3 (M.D. Fla. July 22, 2008) (citing <u>Davis Tune,</u>

4

Inc. v. Precision Franchising, LLC, No. 3:05-cv-97/RV, 2005
WL 1204618 (N.D. Fla. May 20, 2005)). "Alternatively stated,
the value of the declaratory relief is the amount the
plaintiff would recover or avoid losing if
the declaratory relief was granted," including potential
attorneys' fees, statutory damages, and punitive damages. Id.

"[W]hen an insurer seeks a judgment declaring the
absence of liability under a policy, the value of
the declaratory relief to the plaintiff-insurer is the amount
of potential liability under its policy." First Mercury Ins.
Co. v. Excellent Computing Distribs., Inc., 648 F. App'x 861,
865 (11th Cir. 2016). Courts have applied this logic where,
as here, an insured party is seeking a declaration regarding
the existence of liability under a policy. See Razaqyar v.
Integon Nat'l Ins. Co., 8:20-cv-2444-VMC-CPT, 2020 WL
7054294, at *2 (M.D. Fla. Dec. 2, 2020) ("[T]he amount in
controversy in the declaratory judgment action [brought by
the insureds seeking a coverage determination] is the
insurer's potential liability under the policy" (quoting New
Hampshire Indem. Co. v. Scott, 8:11-cv-943-SDM-MAP, 2012 WL
6537098, at *2 (M.D. Fla. Dec. 14, 2012))).

Here, Everett J. Prescott is seeking declaratory relief
pertaining to Zurich's liability under the Policy. Per the

5

complaint, an entry of judgment in its favor would mean the
personal property at issue was covered by the Policy such
that Zurich has an obligation to indemnify Everett J. Prescott
for:

> direct physical loss of or damage to
> Petitioner's air handling unit, flooring, and
> furnishings unless the peril that caused the
> direct physical loss to the air handling unit,
> flooring, or furnishings is expressly excluded
> under B. EXCLUDED CAUSE OF LOSS; and . . .
> portions of the loss or damage which were
> solely caused by that "covered cause of loss"
> if a covered loss results from an "excluded
> cause of loss."

(Doc. # 1-1 at ¶ 36).

As an initial matter, the Court recognizes that Everett
J. Prescott's complaint ultimately seeks a declaration on two
issues: (1) that the damaged personal property at issue is
covered by the Policy and (2) that Zurich has an obligation
to indemnify Everett J. Prescott. Accordingly, based on the
complaint, the value of the declaratory relief sought is the
amount of direct physical loss or damage to personal property
for which Zurich potentially must indemnify Everett J.
Prescott. (Id. at ¶ 32, 36). A declaration in Everett J.
Prescott's favor necessarily involves a finding that Zurich
must provide coverage for the damaged personal property at
issue. Thus, if the amount for which Zurich allegedly must

indemnify Everett J. Prescott exceeds $75,000, then the jurisdictional threshold has been met.

In short, the "value of the object of the litigation" to Everett J. Prescott is Zurich's potential liability under the Policy. <u>See</u> <u>Mount Vernon Fire Ins. Co.</u>, 2008 WL 2856579, at *3 (stating the standard for evaluating the amount in controversy in declaratory judgment action); <u>see</u> <u>also</u> <u>Hartford Ins. Grp. v. Lou-Con Inc.</u>, 293 F.3d 908, 911 (5th Cir. 2002) ("[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim[.]" (internal quotations omitted)).

The Court therefore finds that the proper measure of damages for jurisdictional purposes is the value of the claims Everett J. Prescott filed with Zurich that were denied, which the Court will discuss below.

**B.   <u>Pre-Removal Payment</u>**

Everett J. Prescott's second argument in favor of remand is that the value of the object of the litigation is only $52,452.43 because Zurich issued it a check for $60,118 on October 5, 2022. (Doc. # 4 at 3 n.1; Doc # 24 at 2–3). Zurich contends that the check was issued pursuant to a settlement

offer that Everett J. Prescott rejected and thus does not constitute a partial payment. (Doc. # 14 at 8).

As an initial matter, the parties agree that, prior to the October 5 check, the amount in dispute was $112,570.43, as stated in an email from counsel for Everett J. Prescott on September 30, 2022. (Doc. # 14-1); see (Doc. # 4 at ¶ 8) (stating that the "current amount in dispute is $52,452.43" after receipt of the October 5 check). Although pre-suit demand letters do not automatically establish the amount in controversy, the email included an itemized breakdown of the repairs, demonstrating the concrete damages sought. Compare Johnson v. Liberty Mut. Ins. Co., No. 8:13-cv-491-VMC-TGW, 2013 WL 1503109, at *4 (M.D. Fla. Apr. 12, 2013) (finding that the pre-suit demand letter was a general demand as it contained no specific information as to the amount of damages sustained by Plaintiff). Further, while Everett J. Prescott contends the aforementioned communications are inadmissible under Federal Rule of Evidence 408, "[n]umerous courts have concluded that Rule 408 does not make settlement offers inadmissible as evidence of the amount in controversy." Coleman v. NPC Int'l, Inc., 4:09-cv-50/RS/WCS, 2009 WL 10675080, at *2 (N.D. Fla. Mar. 4, 2009) (collecting cases). Thus, because Zurich has established that concrete damages in

the amount of $112,579.43 exist, notwithstanding the October 5 check, the only remaining issue for the Court to decide is whether the check reduced the amount in controversy.

The Court agrees with Zurich that the $60,118 check should not be credited to reduce the amount in controversy. When this Court has considered pre-removal payments to calculate the amount in controversy, those payments served to actually offset the disputed damages. See Tidwell v. Gentry, No. 8:22-cv-2324-VMC-AAS, 2022 WL 16947866, at *2 (M.D. Fla. Nov. 15, 2022) (noting that prior payments that offset damages can reduce the amount in controversy). But unlike in Tidwell, this is not a case where the Plaintiff has accepted a partial payment that reduces the actual damages in contention. See Tidwell, 2022 WL 16947866, at * 2 (finding that a partial payment can reduce the amount in controversy). Rather, the October 5 check was part of a settlement offer that Everett J. Prescott ultimately rejected. On September 30, 2022, counsel for Zurich sent an email stating it "accepts the full amount of the Presuit Settlement Demand of $60,118.00 to settle this insurance claim." (Doc. # 14-3 at 2). However, later that day, counsel for Everett J. Prescott sent an email noting the amount in dispute was incorrect in the notice and inquiring whether Zurich would be able to provide a revised

offer or if Everett J. Prescott should submit a revised notice of intent to litigate. (Doc. # 14-1). On October 10, 2022, counsel for Zurich sent a follow-up email stating Zurich's position that "the entire insurance claim was settled." (Doc. # 14-4 at 1). Counsel for Everett J. Prescott subsequently responded that "there was no meeting of the minds regarding any alleged settlement. It appears that your Client is treating this matter as settled, which it is not. . . . My Client is not accepting this payment and will not be cashing these checks." (Doc. # 14-5 at 1).

Thus, the payment was intended to settle the case, not to reduce the amount in controversy and permit Everett J. Prescott to bring suit for the erroneously omitted damages. While Zurich issued a check to Everett J. Prescott in the amount of $60,118, it did so prior to Everett J. Prescott's subsequent disavowal of the settlement amount. Regardless of Everett J. Prescott's characterization of the check as "partial payment," the check was merely a settlement offer, which has since been rejected explicitly by counsel for Everett J. Prescott. Everett J. Prescott cannot now argue the rejected check serves to reduce the amount in controversy.

In short, Zurich American Insurance Company has carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED:**

Plaintiff Everett J. Prescott, Inc's Motion to Remand (Doc. # 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of January, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE